An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

D.R. HORTON, INC., A DELAWARE
CORPORATION,
Petitioner,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
CLARK; AND THE HONORABLE
SUSAN H. JOHNSON, DISTRICT
JUDGE,
Respondents,
and
DORRELL SQUARE HOMEOWNER'S
ASSOCIATION, A DOMESTIC NON-
PROFIT CORPORATION,
Real Party in Interest.

No. 57887

**FILED**

MAR 1 8 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## ORDER GRANTING IN PART PETITION FOR WRIT OF MANDAMUS

This is an original petition for a writ of mandamus or prohibition challenging a district court order determining that, under NRS 116.3102(1)(d), a homeowners' association could litigate, on behalf of its members, claims for construction defects existing in building envelopes without meeting NRCP 23's class action prerequisites.

In November 2008, real party in interest Dorrell Square Homeowner's Association filed a petition for a writ of mandamus with this court. In its petition, Dorrell Square sought a ruling that NRS 116.3102(1)(d) granted it standing to litigate construction defect claims on behalf of its members for alleged defects existing within the members' individual units. In September 2009, we granted Dorrell Square's request for writ relief on the ground that our opinion in <u>D.R. Horton v. District</u>

13-08038

Court (First Light II), 125 Nev. 449, 215 P.3d 697 (2009), expressly resolved this issue in Dorrell Square's favor. See Dorrell Square Homeowners Assoc. v. Dist. Ct., Docket No. 52827 (Order Granting Petition, September 3, 2009); see also First Light II, 125 Nev. at 457, 215 P.3d at 702-03 ("[W]e conclude that where NRS 116.3102(1)(d) confers standing on a homeowners' association to assert claims 'on matters affecting the common-interest community,' a homeowners' association has standing to assert claims that affect individual units." (quoting NRS 116.3102(1)(d)).

In granting Dorrell Square's request for writ relief, however, we directed the district court to determine whether Dorrell's claims "conform to class action principles, and thus, whether Dorrell may file suit in a representative capacity for constructional defects affecting individual units." The district court undertook this analysis, and in a March 2010 order, it concluded that Dorrell had failed to satisfy NRCP 23's class action prerequisites and could therefore not represent its members with respect to claims for alleged defects existing within the members' individual units.

Thereafter, Dorrell Square moved the district court to reconsider its March 2010 order. The district court did so, and in a January 2011 order, it concluded that Dorrell Square did not need to satisfy NRCP 23's requirements to pursue claims for alleged construction defects that existed in building envelopes—i.e., defects not necessarily within the members' individual units—meaning that Dorrell Square could pursue these claims without the district court conducting an NRCP 23 analysis.

Petitioner D.R. Horton then filed this writ petition, asking for two forms of relief: (1) that we direct the district court to conduct a thorough NRCP 23 analysis with respect to the claims based on building envelope defects, and (2) that we direct the district court to reinstate its March 2010 order in which it concluded that Dorrell Square could not represent its members with respect to alleged defects existing within their individual units.

While D.R. Horton's writ petition was pending, this court issued an opinion in which we reaffirmed and clarified First Light II. Specifically, in Beazer Homes Holding Corp. v. District Court, 128 Nev. ___, 291 P.3d 128 (2012), we reaffirmed that a district court, upon request, must conduct an NRCP 23 analysis to determine whether litigation by class action is the superior method of adjudicating homeowners' construction defect claims. 128 Nev. at ___, 291 P.3d at 135. We also clarified, however, that a failure to satisfy NRCP 23's class action prerequisites does not strip a homeowners' association of its ability to litigate on behalf of its members under NRS 116.3102(1)(d). Id. at ___, 291 P.3d at 134-35.

Thus, in light of our opinion in Beazer Homes, we conclude that partial relief is appropriate insofar as D.R. Horton asks us to order the district court to conduct a thorough NRCP 23 analysis. See International Game Tech. v. Dist. Ct., 124 Nev. 193, 197, 179 P.3d 556, 558 (2008) ("A writ of mandamus is available to compel the performance of an act that the law requires as a duty resulting from an office, trust, or station . . . ."). Accordingly, we grant D.R. Horton's writ petition in part and direct the clerk of this court to issue a writ of mandamus instructing the district court to conduct a proper NRCP 23 analysis with respect to all

alleged defects.[1]   We decline, however, to order the district court to reinstate its March 2010 order in which it concluded that Dorrell Square could not represent its members with respect to the alleged defects existing within the members' individual units, as this order is inconsistent with our holding in <u>Beazer Homes</u>.  <u>See</u> <u>Beazer Homes</u>, 128 Nev. at ___, 291 P.3d at 134 ("Failure to meet any additional procedural requirements, including NRCP 23's class action requirements, cannot strip a common-interest community association of its standing to proceed on behalf of its members under NRS 116.3102(1)(d).").

It is so ORDERED.[2]

_____, J.
Gibbons

_____, J.
Douglas

_____, J.
Saitta

---

[1]We deny D.R. Horton's alternative request for a writ of prohibition.

[2]In light of this order, we vacate the stay imposed by our April 7, 2011, order.

cc:    Hon. Susan Johnson, District Judge
Koeller Nebeker Carlson & Haluck, LLP/Las Vegas
Marquis Aurbach Coffing
James R. Christensen
Maddox, Isaacson & Cisneros, LLP
Robert C. Maddox
Eighth District Court Clerk